UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>1.   JOHN MELO<br>2.   SCOTT FINK<br>3.   KEVIN BRIGGS<br>4.   CARLA PAIVA<br>5.   TANYA PINHEIRO | )  03 CR 10361 RWZ<br>) CRIMINAL NO:<br>)<br>) 21 U.S.C. § 846 - Conspiracy<br>) To Distribute, and to Possess<br>) With Intent To Distribute,<br>) Cocaine<br>)<br>) 21 U.S.C. § 841(a)(1) -<br>) Distribution of, and<br>) Possession With Intent to<br>) Distribute, Cocaine<br>)<br>) 21 U.S.C. § 853 - Criminal<br>) Forfeiture<br>)<br>) 18 U.S.C. § 2 - Aiding and<br>) Abetting |

SUPERSEDING INDICTMENT

COUNT ONE:   (21 United States Code, Section 846 - Conspiracy
             to Distribute, and to Possess With Intent to
             Distribute, Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about April 2003, and continuing thereafter until in or about July 2003, at Westport, Fall River, New Bedford, and elsewhere in the District of Massachusetts, at North Providence, Central Falls, and elsewhere in the District of Rhode Island, and elsewhere,

   1.   JOHN MELO,
   2.   SCOTT FINK,
   3.   KEVIN BRIGGS,
   4.   CARLA PAIVA,
   5.   TANYA PINHEIRO,

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:   (21 United States Code, Section 841(a)(1) - Possession with Intent to Distribute, and Distribution of, Cocaine)

The Grand Jury further charges that:

On or about June 18, 2003, at Fall River and elsewhere in the District of Massachusetts,

2.   SCOTT FINK

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE:**   (21 United States Code, Section 841(a)(1) - Possession with Intent to Distribute, and Distribution of, Cocaine)

The Grand Jury further charges that:

On or about July 4, 2003, at Fall River and elsewhere in the District of Massachusetts,

1.   JOHN MELO,

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR:**   (21 United States Code, Section 841(a)(1) - Possession with Intent to Distribute Cocaine; 21 United States Code, Section 846 - Attempt; 18 United States Code, Section 2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about July 22, 2003, at Westport, Fall River and elsewhere in the District of Massachusetts, at North Providence and elsewhere in the District of Rhode Island, and elsewhere,

1.   JOHN MELO,

defendant herein, did knowingly and intentionally possess with intent to distribute, and attempt to possess with intent to distribute, cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.

## NOTICE OF ADDITIONAL FACTORS

The Grand Jury further finds that:

1. The offense charged in Count One involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) apply.

2. The offense charged in Count Four involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B) applies.

3. The defendant, JOHN MELO, is accountable for at least five kilograms, but not more than 15 kilograms, of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(A) and USSG §2D1.1(c)(4) apply.

4. The defendant, JOHN MELO, was an organizer and leader of criminal activity that involved five or more participants and was otherwise extensive. Accordingly, USSG §3B1.1(a) applies.

5. The defendant, SCOTT FINK, is accountable for at least 500 grams, but not more than two kilograms, of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(B) and USSG §2D1.1(c)(7) apply.

6. The defendant, SCOTT FINK, was a manager and supervisor of criminal activity that involved five or more participants and was otherwise extensive. Accordingly, USSG §3B1.1(b) applies.

7. The defendant, KEVIN BRIGGS, is accountable for at

least 500 grams, but not more than two kilograms, of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(B) and USSG §2D1.1(c)(7) apply.

    8.    The defendant, KEVIN BRIGGS, was a manager and supervisor of criminal activity that involved five or more participants and was otherwise extensive. Accordingly, USSG §3B1.1(b) applies.

    9.    The defendant, CARLA PAIVA, is accountable for at least 500 grams, but not more than two kilograms, of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(B) and USSG §2D1.1(c)(7) apply.

    10.    The defendant, TANYA PINHEIRO, is accountable for at least 500 grams, but not more than two kilograms, of cocaine. Accordingly, 21 U.S.C. §§ 841(b)(1)(B) and USSG §2D1.1(c)(7) apply.

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offense alleged in Count One of this Indictment,

    1. JOHN MELO,
    2. SCOTT FINK,
    3. KEVIN BRIGGS,
    4. CARLA PAIVA,
    5. TANYA PINHEIRO,

defendants herein, if convicted, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offense; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. Such property includes, but is not limited to the following:

    a) The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;

    b) The real property located at 172 Earle Street, Fall River, Massachusetts as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

    c) One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995

registered to John Melo;

    d)    One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo.

    2.    If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; July 22, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK @ 4:07pm