

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

May 17, 2005

Syrie D. Fried, Esq.
Federal Defender's Office
408 Atlantic Ave.
Third Floor
Boston, MA 02210

      Re:   <u>United States</u> v. <u>Kevin Briggs</u>,
            Criminal No. 03-10361-RWZ

Dear Ms. Fried:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney" or "the government") and your client, Kevin Briggs ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to Count One of the Indictment, which charges him with conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Indictment and is in fact guilty of that offense. (Defendant need not admit that he knew the conspiracy involved the drug quantities alleged in the indictment, only that the government's evidence is sufficient to prove that the conspiracy involved those amounts.)

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties: a term of life imprisonment; a fine of $4,000,000.00; a life term of supervised release; and a $100.00 special assessment.

Defendant acknowledges that he faces a minimum mandatory term of imprisonment of five years and a minimum mandatory term of supervised release of four years in the event the Court determines that he is accountable for 500 grams or more of cocaine, and that he faces a minimum mandatory term of imprisonment of 10 years and a minimum mandatory term of supervised release of five years in the event the Court determines that he is accountable for five kilograms or more of cocaine.

3.   Minimum mandatory penalties and Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and minimum mandatory penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties will take the following positions at sentencing with respect to the application of 21 U.S.C. § 841(b)(1)(B) and the United States Sentencing Guidelines:

(a)   Defendant admits, and the government agrees, that Defendant is personally responsible for at least 500 grams, but less than 2,000 grams, of cocaine, and that his base offense level is therefore 26 pursuant to U.S.S.G. § 2D1.1;

(b)   The government will take the position that Defendant should receive neither an increase nor a decrease in his offense level pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2; Defendant reserves the right to request a two-level downward adjustment pursuant to USSG § 3B1.2;

(c) Defendant will take the position that the Court should apply USSG §5C1.2 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentences that are otherwise applicable in this case. Defendant also will take the position that, pursuant to USSG §2D1.1(b)(7), his offense level should be reduced by two levels. The U.S. Attorney finds that Defendant has personally satisfied §5C1.2(5) and will recommend applying USSG §5C1.2 and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(1)-(4);

(d) The government will take the position that, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the Court should reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)  fails to admit a complete factual basis for the plea;

(b)  fails to truthfully admit his conduct in the offense of conviction;

(c)  falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  fails to provide truthful information about his financial status;

(e)  gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  intentionally fails to appear in Court or violates any condition of release;

(h)  commits a crime; or

(i)  attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to

declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) a term of imprisonment at the low end of the applicable sentencing guidelines range, but not below any minimum mandatory term of imprisonment;

    (b) a fine within the applicable guideline fine range unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c) a mandatory special assessment of $100.00; and

    (d) a term of supervised release within the applicable range.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be

tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

8. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes,

any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts. It cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney for the District of Massachusetts and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William D. Weinreb.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney,
District of Massachusetts

By: *[signature]*
LAURA J. KAPLAN
Section Chief

WILLIAM D. WEINREB
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
KEVIN BRIGGS
Defendant
Date: 5/25/05

I certify that Kevin Briggs has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
SYRIE FRIED, ESQ.
Attorney for Defendant
Kevin Briggs
Date: 5/25/05