UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
)      CRIM. NO. 03-10361-RWZ
)
)
KEVIN BRIGGS )

## MEMORANDUM IN AID OF SENTENCING

The defendant Kevin Briggs respectfully submits this memorandum in aid of sentencing.  The sentencing is set for November 16, 2005.  Counsel requests the Court to impose a sentence of between 12 and 18 months' imprisonment followed by a three-year term of supervised release.  Counsel submits that this sentence satisfies the requirements of 18 U.S.C. §3553(a), as it takes into account the personal history and characteristics of Mr. Briggs, reflects the seriousness of the offense, adequately deters further criminal conduct, and is reasonable in light of the advisory sentencing guidelines.

## BRIGGS' OFFENSE CONDUCT

Kevin Briggs pleaded guilty to conspiracy for his role in helping John Melo sell cocaine in the Fall River area. Briggs sold drugs supplied by Melo to various customers; he was one of several delivery men who sold drugs for Melo.

1

Briggs' participation in Melo's operation lasted approximately five weeks during the months of June and July of 2003.

THE DEFENDANT'S PERSONAL BACKGROUND

Kevin Briggs is 36 years old.  He was born in Providence, Rhode Island and has lived in the Rhode Island/southeastern Massachusetts area his entire life.  His biological father, Richard Point, left Kevin and his mother Barbara when Kevin was about 7 years old.[1]  Barbara Point and Kevin were living in East Providence at the time. Kevin's mother soon met Nelson Briggs, whom she later married.  The Briggs family moved from Providence to North Attleborough, where the family lived for years.  Nelson Briggs adopted Kevin and gave him his last name; Nelson also had children from his previous marriage. PSR ¶¶ 72-74.  In 1987 Barbara Briggs died; Kevin Briggs was 17.  Shortly afterwards, Kevin moved from his family's home and in with his girlfriend, Lorna Bercier.  Briggs and Bercier married and had two children, Amanda and Dalton Briggs.

Kevin Briggs has always worked.  He began working as a teenager delivering papers and washing dishes.  Later, he

---

[1]  Briggs has no contact with Mr. Point.

worked for a cable TV company for a couple of years.  Then he worked for 13 years at Swann Finishing, a textile company in Fall River.  His involvement in the offense for which he is to be sentenced came about during a period when he was not able to find steady legitimate work.  Briggs is now working at Universal Construction Company; he drives a truck and does paving work.

Kevin Briggs led a stable life with his wife and children until the year 2000, when he met and fell in love with Carla Paiva.  She was married as well.  They both left their spouses soon after they met and moved in together.  At the time of the offense, Briggs was living with Paiva and her teenaged son Russell.  They married just two months ago.  Since his separation and divorce from Lorna, Kevin Briggs has paid court-ordered child support of $175 per week.

Kevin Briggs lived a law-abiding life up to the time of his involvement with John Melo.  There are only two entries in his criminal history for motor vehicle violations dating from 1988 and 1989.  This conduct is certainly not in keeping with the way in which Mr. Briggs has conducted his life up to this point.  He was driven to beg for work from Melo in June 2003 because, as he puts it, "we didn't have

40¢ to give Russell for lunch." Carla Paiva was not working at that time.

<u>BRIGGS' ROLE IN THE OFFENSE</u>

While the U.S. Sentencing Guidelines are not binding on this Court, it is still important that a correct guideline calculation be arrived at, since <u>Booker</u> requires the Court to consider the impact of the guidelines before imposing sentence. In this case, the U.S. Probation Department has not adjusted Briggs' offense level downward for playing a minor role in this conspiracy. The presentence report calculates an adjusted offense level of 21. Counsel submits that Briggs' adjusted offense level should be 19 because he should be deemed to have been a minor participant. <u>See</u> Defendant's Objections to the Presentence Report; Second Addendum. Counsel renews those objections here.

Tanya Pinheiro, John Melo's paramour, was a participant who received a minor role adjustment. Ms. Pinheiro was much more involved in Melo's operation, as she packaged the drugs that were sold by all of Melo's different deliverymen and was aware that large quantities of cocaine were stored in the home she shared with Melo. Though counsel has not been made privy to the contents of her proffers with the government, she was undoubtedly aware of Melo's different

4

suppliers and familiar with financial matters.  The revised
presentence report acknowledges that Pinheiro "played a more
central role in this conspiracy than did Kevin Briggs," PSR,
p.42, yet maintains that Pinheiro's downward adjustment was
warranted because she was being held accountable for a
larger quantity of drugs.  Id.  Counsel's response is that
Pinheiro's responsibility for a large drug quantity was
dictated by her greater knowledge of the operation's
workings and greater participation in the scheme.  It is a
strange logic which  argues that because Pinheiro knew and
did more, her role in this conspiracy was less.  In the end,
Briggs, Paiva, and Pinheiro were charged with, and pleaded
guilty to, participating in the same conspiracy; these were
not separate conspiracies.  Finally, a role adjustment is
indicated on these facts, where the presentence report holds
Briggs responsible for drugs that were sold by another
person, in this case Scott Fink.  See, e.g., United States
v. Isaza-Zapata, 148 F.3d 236 (3rd Cir. 1998).

### SENTENCING RECOMMENDATION

Counsel is asking this Court to sentence Mr. Briggs to
a prison term of between 12 and 18 months.  While this
sentence is lower than the advisory guideline range, a
variance from the range is warranted here.  As noted above,

5

Mr. Briggs has always been a good worker who cares about supporting his family and meeting his obligations.  He has children whom he supports and whose well-being would suffer if he were incarcerated for a long period.  See PSR ¶82. Finally, Briggs participation in this scheme was not normal for him.  While he perhaps would not qualify for an aberrant behavior departure under traditional guidelines analysis, see USSG §5K2.20, nonetheless his guilt for this conduct in manifestly an aberration in his life and not consistent with his general character and history.

In sum, after considering the advisory guidelines and the sentencing factors set out in 18 U.S.C. §3553, this court should impose a sentence that is appropriate to this individual.  Counsel submits that in this case, a sentence in the range of 12 to 18 months followed by a period of supervised release of 3 years is fair and just.

Respectfully submitted,

By His Attorney,

/s/ Syrie Davis Fried
   BBO # 555815
Federal Defender Office
408 Atlantic Avenue
Boston, MA 02110
(617) 223-8061

6